**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000547
16-JAN-2025
07:45 AM
Dkt. 52 SO**

NO. CAAP-21-0000547


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE INTEREST OF B.M., Respondent-Appellee.


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-J NO. 94575)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Petitioner-Appellant **State** of Hawaiʻi appeals from the Family Court of the Second Circuit's (1) July 19, 2021 order granting Respondent-Appellee B.M.'s motion to dismiss and (2) September 9, 2021 findings of fact, conclusions of law (**COL**), and order denying the State's motion for reconsideration.[1]

In 2021, the State petitioned the family court alleging B.M., then 24 years old, violated the law while he was a minor. In particular, the petition asserted four counts of

---

[1] The Honorable James R. Rouse presided.

sexual assault in the first degree and one count of sexual assault in the third degree.  B.M. moved to dismiss the petition, which the family court granted with prejudice.  The State moved for reconsideration, which the family court denied.

On appeal, the State contends the family court "erred when it concluded that it had no punishment or treatment options for an adult charged for conduct that occurred when the adult was a child[,]" specifically challenging COL 3.  (Formatting altered.)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and vacate and remand.

In COL 3, the family court concluded:

"The Court has no punishment or treatment options for an adult that is being charged for an alleged conduct that occurred when he was a child."

This conclusion was wrong.  See State v. Roman, 119 Hawaiʻi 468, 477, 199 P.3d 57, 66 (2008) (explaining that conclusions of law are reviewed under the right/wrong standard).

The family court has exclusive original jurisdiction in cases where any person is alleged to have violated the law before turning 18 years old:

§ **571-11 Jurisdiction; children.** Except as otherwise provided in this chapter, the court shall have <u>exclusive original jurisdiction</u> in proceedings:

(1) Concerning <u>any person who is alleged to have committed an act prior to achieving eighteen years of age</u> which would constitute a violation or attempted violation of any federal, state, or local law or municipal ordinance. . . .

Hawaiʻi Revised Statutes (**HRS**) § 571-11 (2006) (formatting altered, some emphases added). The family court retains such jurisdiction after a minor turns 18 years old:

§ **571-13 Retention of jurisdiction.** Except as otherwise provided in this chapter, jurisdiction obtained by the court in the case of a minor may be retained by it, for the purposes of this chapter, after the minor becomes eighteen years of age until the full term for which any order entered shall have expired. Further, <u>in the case of any person who is alleged to have committed an offense under section 571-11 prior to reaching eighteen years of age, the court shall have jurisdiction after the person becomes eighteen</u> for the purpose of holding hearings and/or entering orders of disposition concerning the alleged offenses or for the purpose of making and issuing orders for pre-trial detention of persons aged eighteen years or older to an adult correctional facility, when the person is alleged to have committed an act or acts during the person's minority that would constitute a violation of section 571-11(1). This section shall not be construed, however, to confer any jurisdiction upon the family court over a person for any criminal act committed after the person achieves eighteen years of age.

HRS § 571-13 (2006) (some emphasis added).

And where a person is adjudicated as a law violator under HRS § 571-11(1), the family court may order restitution or community service:

> **§ 571-48 Decree, if informal adjustment or diversion to a private or community agency or program has not been effected.** When a minor is found by the court to come within section 571-11, the court shall so decree and in its decree shall make a finding of the facts upon which the court exercises its jurisdiction over the minor. Upon the decree the court, by order duly entered, shall proceed as follows:
>
> . . . .
>
> (11) The court may order <u>any person</u> adjudicated pursuant to section 571-11(1) to <u>make restitution</u> of money or services to any victim who suffers loss as a result of the child's action, or to render <u>community service</u>[.]

HRS § 571-48(11) (2006, Supp. 2008) (formatting altered, some emphases added).

Because HRS § 571-48 allows the family court to order "any person" adjudicated under HRS § 571-11(1) to make restitution or render community service, and "any person" necessarily includes "an adult that is being charged for an alleged conduct that occurred when he was a child[,]" COL 3 was wrong. Thus, to the extent the family court relied on COL 3, COL 3 was not a valid basis for dismissing the case with prejudice and denying the State's motion for reconsideration.

Based on the foregoing, we vacate the family court's (1) July 19, 2021 order granting B.M.'s motion to dismiss and (2) September 9, 2021 findings of fact, conclusions of law, and order denying the State's motion for reconsideration. We remand

this case to the family court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, January 16, 2025.

On the briefs:

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Petitioner-Appellant.

Benjamin E. Lowenthal,
Bradley J. Sova,
Deputy Public Defenders,
for Respondent-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge